Scott, C.J.
The certificate of deposit issued by the defendants, Hartness, Hill & Co., to the plaintiff’s debtor, contains an unconditional promise to pay to the order of E. C. Markham, four thousand dollars, in currency, with interest, upon presentation of the certificate, either by himself or his assignee. Such is clearly the legal import of its terms; and there can be no doubt that it possesses all the characteristics of a negotiable promissory note, unless the fact that it is payable in currency affects its negotiablity. The question, then, is, Whether a note drawn for a specified sum, payable in currency, is a note drawn for a sum of money, within the meaning of the statute.
In Dugan v. Campbell, 1 Ohio Rep. 115, it was said by the court, that the term “ currency ” means current money, where this interpretation is not controlled by the positive terms of the contract.
This authority might, perhaps, have justified the court below in excluding evidence explanatory of the term currency, in this case. But the plaintiff was permitted to show that *454 the term currency at the time and place of the contract was understood to mean bank bills of sundry specie paying banks which were then received and paid out by the banks in Cleve land; and he claims that bank bills are not money. The question then is, Can bank bills, of specie paying banks, which circulate through community as and for money, and perform all its offices, be considered by courts as money, Avithin the meaning of the statute?- Unquestionably, they are, strictly speaking, but promises to pay money. They are not a legal tender. No one can be compelled to receive them as money. But we can not shut our eyes to the fact that, in the commercial and business transactions of everyday life, they circulate as money throughout the community, and are, by general consent and usage, so treated and received. In the language of Lord Mansfield, in Miller v. Reid, 1 Burr. 457, “ they are not like bills of exchange, mere securities, or documents for debts, nor are so esteemed; but are treated as money, in the ordinary course and transaction of business, by the general consent of mankind; and on payment of them, Avhen a receipt is required, the receipts are always given as for money, not as for securities or notes.” In New York it has been held that a note payable in York State bills Avas the same as being made payable in money. Keith v. Jones, 9 Johns. R. 120. And in Judah v. Karris, 19 Johns. R. 144, it was held that a note payable in bank notes current in the city of New York, was a negotiable note. Upon this question, it is true, conflicting decisions are to be found. But in Ohio, it has been quite uniformly held that promissory notes may be negotiable though payable in current bank bills, and that such bills are money, within the meaning of the statute. In Morris v. Edwards, 1 Ohio Rep. 189, it Avas held that a contract to pay tAvo thousand dollars in current bank notes of the city of Cincinnati, is a contract to pay money; and, in that case, it Avas said by Judge Hitchcock that “ a note drawn for a sum certain, payable in bank paper, is negotiable.” The question was pretty fully considered in that case,, which may be regarded as a leading one, on the subject, in this State. The same principle was followed, and controlled the decisions in *455 the subsequent cases of Swetland v. Creigh, 15 Ohio Rep. 118, and White v. Richmond, 16 Ohio Rep. 5; in the former of which.it was held that a note payable in current Ohio bank notes is a note payable in money; and in the latter that a note payable in current funds of the State of Ohio, is a note for á sum certain, within the meaning of the statute, and negotiable. And the reasoning of the court, in all these cases, makes the rule applicable, not merely to Ohio bank bills, but to all such bank notes as, by general usage and consent, are regarded by community as money. In the case last cited, it was said by Judge Birchard, delivering the opinion of the court, “ the supreme court of this State have, on the circuit, repeatedly held that a note payable in current bank notes, was payable in money, and negotiable; and the authority of our own court, for many years, should not be departed from, when no evil is seen to grow out of its adjudications on this subject.”
On a question affecting the character of commercial paper, we do. not feel at liberty to overrule these repeated adjudications, and ignore the general understanding of the business community. And so long as the general consent of mankind, in all business transactions, gives to current bank bills, the character of money, we see no good reason why courts, when the question is presented in a commercial point of view, should regard them otherwise.
But it is claimed that the certificate, if negotiable, was overdue when negotiated to the Peninsular Bank. This position we think can not be maintained. In England, a promissory note, payable on demand, with interest, does not become overdue by mere lapse of time. Baiough v. White, 4 B. & C. 325 (10 E. C. L. R. 345). But in this country, a note payable on demand, unless indorsed within a reasonable time, is considered as overdue and dishonored. What shall be regarded as reasonable time, must depend to a great extent on circumstances. In Ranger v. Cary and others, 1 Metc. 369, it was held that one month would not be unreasonable time. In the present case, the certificate was drawn bearing interest, showing that immediate presentation for payment was not con *456 templated by the parties. It was drawn and dated at Cleveland, and negotiated by the payee to the Peninsular Bank, at Detroit, where the payee resided, on the second day after its date. It could not have been offered for negotiation at Detroit, earlier than the preceding day. There was clearly no such lapse of time, as should have put the Peninsular Bank upon inquiry, or would justify a court in regarding the paper as overdue when negotiated.
The facts stated in the answer of the garnishees in the attachment suit, and which the court below has found to be true, clearly show that at the time of service of process upon them under the attachment proceedings, the certificate had passed completely beyond their control. It had been deposited in the postoffice, in an envelop, directed to Markham, the payee, in pursuance of his orders. This was, in law, a delivery to him, and the certificate thereby became his absolute property. It is true, that Hartness, Hill & Co., the garnishees, were, at the time, indebted to Markham; but their indebtedness was evidenced by a negotiable promissory note, then in his possession, and which, within a reasonable time, he might transfer so that his assignee would have the right to demand and enforce its payment by the makers. It was so negotiated by the payee, within two days after its date, and received by the Peninsular Bank, in the regular course of business, in good faith, and for a valuable consideration. As such assignee, the Peninsular Bank was not chargeable with constructive notice of the proceedings in attachment then pending. In the case of Stone v. Elliott, decided at the present term, we have held that the doctrine of lis pendens does not apply to negotiable paper before due. And the garnishees being, therefore, liable to the assignee, the court below properly held that they could not be made liable to account for the same debt to the attaching creditor, under the 206th section of the code.

Judgment of the court below affirmed.

Sutliff, Peck, Gholson, and Brinkerhoff, JJ., concurred.